**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------X
ZERRIN MUTTALIB, as Administrator of the Estate of
KALAM MUTTALIB,                                                                                    Case No. 6:18-cv-6470

                                      Plaintiff,                              **JURY TRIAL DEMANDED**

        -against-

THE UNITED STATES OF AMERICA,

                                      Defendant.
---------------------------------------------------------------------------X

## COMPLAINT

Plaintiff, ZERRIN MUTTALIB, as Administrator of the Estate of KALAM MUTTALIB ("Plaintiff's Decedent"), by and through her undersigned attorneys, as and for their complaint against THE UNITED STATES OF AMERICA, aver on knowledge as to themselves and their own acts and on information and belief as to all other matters, as follows:

### JURISDITION AND VENUE

1. This is an action arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(c), as where a deemed government employee is named as a defendant in a suit alleging negligence, the United States may be substituted as party defendant in its place upon certification by the Attorney General or his designee that the employee was acting within the scope of its employment at the relevant times.

2. Plaintiff commenced a lawsuit in the Supreme Court of the State of New York, County of Monroe, on November 4, 2016, against STRONG MEMORIAL HOSPITAL, UNIVERSITY OF ROCHESTER MEDICAL CENTER, ASHOK N. SHAH, M.D., BENEDICT MALIAKKAL, M.D., LAUREN WESTCOTT, P.A., LEESHA HOILETTE, M.D., JENNIFER ROSE, N.P., ANTHONY L.

JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, via the filing of a summons and complaint stating claims for conscious pain and suffering, wrongful death, pecuniary loss, and loss of consortium and services as a result of claimed medical malpractice. Index number 12738/2016 was assigned.

3.     On February 15, 2017, THE UNITED STATES OF AMERICA removed the aforesaid action to the United States District Court for the Western District of New York, under case number 6:17-cv-06100-GWC. By Certification filed February 17, 2017, Assistant United States Attorney James P. Kennedy, Jr., certified that defendants ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, and JENNIFER ROSE, N.P., were acting within the scope of their employment as health care providers under the Federally Supported Health Centers Assistance Act (42 U.S.C. § 233(g)-(n)) with respect to the claims alleged in the complaint, rendering them deemed employees of the United States for the purposes of the FTCA. On the same date, the United States Attorney's Office moved to substitute the United States of America in place of defendants ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, and JENNIFER ROSE, N.P., and thereafter to dismiss the action as to THE UNITED STATES OF AMERICA, so substituted, based on Plaintiff's failure to file an administrative tort claim before commencing the action.

4.     On August 30, 2017, the substitution requested in the United States' motion was granted and the case was dismissed as to THE UNITED STATES OF AMERICA without prejudice.

5.     Within 60 days thereafter, specifically on September 19, 2017, a Federal Administrative Tort Claim was filed with the United States Department of Health & Human Services by ZERRIN MUTTALIB, as Administrator of the Estate of KALAM MUTTALIB, with respect to the claims against ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE

CORPORATION, and JENNIFER ROSE, which claims had been dismissed following the substitution of THE UNITED STATES OF AMERICA in place of defendants ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, and JENNIFER ROSE, N.P.  The filing of this Federal Administrative Tort Claim following the dismissal was permitted by 28 U.S.C. § 2679(d)(5) and case law such as *Santos v. United States*, 559 F.3d 189 (3d Cir. 2009).

4. On December 28, 2017, the United States Department of Health & Human Services issued a final determination on the Claim, denying it.

5. Consequently, Plaintiff is now authorized to file the instant action against THE UNITED STATES OF AMERICA in the United States District Court for the Western District of New York, and it is being timely filed within six months of the final denial of the Claim.

**AS AND FOR A FIRST CAUSE OF ACTION – PAIN AND SUFFERING OF THE DECEDENT**

6. At all times stated herein, the Plaintiff was and is a resident of 35 Kernwood Drive, Rochester, New York 14824, in the County of Monroe, State of New York.

7. On May 20, 2015, the Surrogate Court of the County of Monroe issued Letters of Administration to ZERRIN MUTTALIB with respect to the Estate of KALAM MUTTALIB.

8. At all times mentioned herein, JENNIFER ROSE, N.P., was a Nurse Practitioner duly licensed to practice medicine in the State of New York.

9. At all times mentioned herein, JENNIFER ROSE, N.P,, held herself out to the general public as being competent in the care and treatment of patients and able to treat patients in general, and the Plaintiff's Decedent herein in particular, in accordance with the acceptable standards of medical practice.

10. At all times stated herein, ANTHONY L. JORDIAN HEALTH CENTER was and is a medical institution with facilities located at 82 Holland Street, Rochester, New York 14605.

11. At all times stated herein, ANTHONY L. JORDIAN HEALTH CENTER, and/or its agents, servants, and/or employees, held itself out as a health center that was qualified, equipped, and staffed to treat persons with ailments and, more particularly, with the type of ailment such as that suffered by the Plaintiff's Decedent.

12. At all times stated herein, ANTHONY L. JORDIAN HEALTH CARE CORPORATION, and/or its agents, servants, and/or employees, was and is a medical institution with facilities located at 82 Holland Street, Rochester, New York 14605, and 480 Genesee Street, Rochester, New York 14611, and 125 St. Paul Street, Rochester, New York 14604.

13. At all times stated herein, ANTHONY L. JORDIAN HEALTH CARE CORPORATION, and/or its agents, servants, and/or employees, held itself out as a health center which was qualified, equipped, and staffed to treat persons with ailments and, more particularly, with the type of ailment such as suffered by the Plaintiff's Decedent, and gastroenterological conditions and complaints.

14. At all times stated herein, and at the time of his death, the Plaintiff's Decedent resided at 35 Kernwood Drive, Rochester, New York 14824 in the County of Monroe, State of New York.

15. On or about March 26, 2013, through the date of the Plaintiff's Decedent's death on December 13, 2014, and for other periods of time prior and subsequent thereto, ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA undertook treatment of the Plaintiff's Decedent herein at Woodward Health Center, located at 480 Genesee Street, Rochester, New York 14611, and/or at their other treatment facilities.

16.     From March 26, 2013, through December 13, 2014, at Woodward Health Center, located at 480 Genesee Street, Rochester, New York 14611, and/or at Defendants' other treatment facilities, ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA, and/or their agents, servants, partners, residents and/or employees, were negligent in the care rendered for and on behalf of the Plaintiff's Decedent and departed from accepted standards of medical care, in failing to take a complete history of the Plaintiff's Decedent's medical condition; in failing to heed the Plaintiff's Decedent's medical history; in failing to heed the fact that the Plaintiff's Decedent was high-risk for colorectal and/or bowel cancer, including due to a family history of polyps and iron deficiency anemia; in failing to sufficiently heed the Plaintiff's Decedent's low HGB and HCT levels; in failing to sufficiently heed the Plaintiff's Decedent's complaints of abdominal pain; in failing to sufficiently heed the finding of an oozing duodenal polypoid lesion in the Plaintiff's Decedent; in failing to order, recommend, and/or perform appropriate diagnostic testing for the Plaintiff's Decedent, such as blood tests, x-rays, CT scans, MRIs, colonoscopies, and endoscopies; in failing to timely order, recommend, and/or perform appropriate diagnostic testing for the Plaintiff's Decedent, such as blood tests, x-rays, CT scans, MRIs, colonoscopies, and endoscopies; in failing to refer the Plaintiff's Decedent to appropriate specialists, such as gastroenterologists, radiologists, surgeons, and oncologists; in failing to timely refer the Plaintiff's Decedent to appropriate specialists, such as gastroenterologists, radiologists, surgeons, and oncologists; in failing to ascertain and/or learn the results of the colonoscopy and/or other tests performed at Strong Memorial Hospital; in failing to timely ascertain and/or learn the results of the colonoscopy and/or other tests performed at Strong Memorial Hospital; in failing to inform the Plaintiff's Decedent of the results of the colonoscopy and/or other tests performed at Strong Memorial Hospital; in failing to timely inform the Plaintiff's Decedent of the results of the

colonoscopy and/or other tests performed at Strong Memorial Hospital; in failing to inform the Plaintiff's Decedent of the concerning findings of the colonoscopy and/or other tests performed at Strong Memorial Hospital; in failing to timely inform the Plaintiff's Decedent of the concerning findings of the colonoscopy and/or other tests performed at Strong Memorial Hospital; in failing to heed the significance of the findings of the colonoscopy and/or other tests performed at Strong Memorial Hospital; in failing to inform the Plaintiff's Decedent of the significance of the poor visualization during the colonoscopy; in failing to understand, appreciate, heed, and act upon the unreliability of the findings of the colonoscopy due to poor visualization; in failing to follow up with the Plaintiff's Decedent with regard to his care; in failing to timely follow up with the Plaintiff's Decedent with regard to his care; in failing to ensure that the Plaintiff's Decedent followed up with regard to his care; in failing to ensure that the Plaintiff's Decedent followed up in a timely fashion with regard to his care; in failing to understand, appreciate, and act upon the Plaintiff's Decedent's missed follow-up GI appointment; in failing to timely understand, appreciate, and act upon the Plaintiff's Decedent's missed follow-up GI appointment; in failing to ensure that the follow-up GI appointment and other appropriate follow-up occurred; in negligently failing and neglecting to use reasonable care in their services and care rendered for and on behalf of the Plaintiff's Decedent's condition; in negligently departing from accepted practices in the services rendered for and on behalf of the Plaintiff's Decedent; in failing to follow good practice; in performing contraindicated procedures on the Plaintiff's Decedent; in failing to perform indicated procedures in a proper manner; in performing indicated procedures negligently on the Plaintiff's Decedent and negligently performing procedures on the Plaintiff's Decedent.  ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA, and/or their agents, servants, and/or employees, were otherwise careless, reckless, and

negligent under the circumstances then and there existing, and otherwise departed from accepted standards of medical care. In addition to the foregoing, Plaintiff reserves the right to rely on the doctrine of *res ipsa loquitur*.

17.     For example, on March 28, 2013, the records reflect that ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA were informed of the Plaintiff's Decedent's critically low HGB of 5.1 and HCT of 17, which should have alerted them to the significant possibility of cancer, but failed to inform the Plaintiff's Decedent of these findings, failed to order appropriate additional diagnostic testing, and failed to relay this information to Strong Memorial Hospital, where the records indicate the Plaintiff's Decedent was due to be arriving, all in violation of and departure from accepted standards of medical care.

18.     On April 5, 2013, the records reflect that ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA referred the Plaintiff's Decedent to Strong Gastroenterology for a colonoscopy, and that they would follow up in six weeks.  The records reflect that the colonoscopy took place on April 15, 2013, but that, while no polyps were seen, there was poor visualization during the colonoscopy, making its findings highly unreliable.  The records reflect that the Plaintiff's Decedent was never informed of the findings of the colonoscopy, nor of other tests performed at Strong Memorial Hospital.  Moreover, the records do not reflect that there was a six-week follow-up.

19.     As the Plaintiff's Decedent's referring medical providers, ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA had an obligation to the Plaintiff's Decedent

to learn and to timely learn the results of the tests performed at Strong Memorial; to inform and to timely inform the Plaintiff's Decedent the results of those tests and of the blood tests performed, and of their concerning nature; and to ensure that the six-week follow-up occurred as planned, along with all other appropriate follow-ups, diagnostic tests, and referrals, all in a timely fashion. This was particularly so in this case in light of the Plaintiff's Decedent's risk factors for colorectal and/or bowel cancer, including a family history of polyps and iron deficiency anemia, and in light of the Plaintiff's Decedent's low HGB and HCT levels.

20. The failure by ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA to learn and/or timely learn the results of the tests performed at Strong Memorial, and/or to inform and/or timely inform the Plaintiff's Decedent of those results and of their concerning nature; their failure to understand, appreciate, heed, and act upon the unreliability of the findings of the colonoscopy; and their failure to follow up with the Plaintiff's Decedent in a timely fashion, and to ensure that all timely and appropriate follow-ups, diagnostic tests, and referrals occurred, were further departures from accepted standards of medical care.

21. The records indicate that the next time ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA provided treatment to the Plaintiff's Decedent was January 6, 2014, at which time he was complaining of a burning like pain in his abdomen, especially at night, with intensity 7/10. They apparently attributed his symptoms to anemia and/or a duodenal ulcer, and did not order any additional diagnostic testing, in further departure from accepted standards of medical care. There was to be a follow-up in two weeks for anemia and the duodenal ulcer.

22. On January 9, 2014, the records reflect that ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA learned that the Plaintiff's Decedent had been diagnosed with duodenal carcinoma with metastases to the liver. The records reflect that only at this belated hour did they appreciate the fact that there had not been the six-week follow-up following the April 15, 2013, colonoscopy that was supposed to have occurred.

23. It is claimed that, when ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA provided medical treatment to the Plaintiff's Decedent in March and April of 2013, he was already afflicted with bowel cancer. Had ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA not departed from accepted standards of medical care, as set forth above, the Plaintiff's Decedent's bowel cancer would have been diagnosed at an earlier point in time than it in fact was, to such an extent that he would have had a better outcome.

24. Because of the foregoing departures from accepted standards of medical care by ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA, the Plaintiff's Decedent's bowel cancer was permitted to metastasize, upstage, and spread, and was caused to become less treatable.

25. The foregoing occurrence was caused as a result of the negligence of ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA, and/or their agents, servants,

and/or employees, without any negligence on the part of the Plaintiff or Plaintiff's Decedent contributing thereto.

26. As a result of the foregoing negligence and medical malpractice, the Plaintiff's Decedent was rendered sick and disabled, suffered injuries, pain, and mental anguish, was compelled to seek medical care, incurred expenses, and was permanently injured and disabled, and ultimately died. More particularly, as a result of the foregoing, the Plaintiff's Decedent suffered from upstaging and metastasis of his cancer, conscious physical pain and suffering, emotional distress, mental anguish, side effects of chemotherapy and radiation therapy, loss of independence in life, loss of ability to engage in activities of daily living, loss of ability to engage in leisure activities, loss of quality and enjoyment of life, loss of consortium with his wife, fear of death, and death.

27. As a result thereof, the Plaintiff has been damaged in amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION – WRONGFUL DEATH

28. Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "27" with the same force and effect as if fully set forth at length herein.

29. As a legal and proximate cause of the medical malpractice and negligence of ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA, the Plaintiff's Decedent was caused to die on December 13, 2014 and to suffer WRONGFUL DEATH. The Plaintiff's Decedent died as a result of his cancer which ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA failed to diagnose and/or timely diagnose. Had they

diagnosed it in a timely fashion, he would not have died from it, or would not have died from it when he did.

30.     The Plaintiff's Decedent left distributees surviving, who, by reason of the WRONGFUL DEATH of the Plaintiff's Decedent, have suffered pecuniary damages, damages for wrongful death, and pecuniary harm and injury. More particularly, the Plaintiff's Decedent had a wife (the Plaintiff-Administrator herein) and one or more children to whom he was providing services, support, companionship, and society prior to his death, and they were deprived of these services, support, companionship, and society by virtue of his death.

31.     As a result thereof, the Plaintiff has been damaged in an amount exceeding the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION – LOSS OF CONSORTIUM

32.     Plaintiff repeats, reiterates, and realleges each and every paragraph of the complaint numbered "1" through "31" with the same force and effect as if fully set forth at length herein.

33.     At all times stated herein, Plaintiff ZERRIN MUTTALIB was the wife of the Plaintiff's Decedent, KALAM MUTTALIB, and was entitled to receive and did receive services and society from her husband.

34.     By reason of the aforesaid, ZERRIN MUTTALIB was deprived of the support, services, love, companionship, affection, and society of her husband, and was compelled to expend monies and incur obligations for physician's services, medical expenses, and hospital expenses, and for the care and treatment for the injuries sustained by her husband.

35.     The foregoing occurrence was caused as a result of the negligence and medical malpractice of ANTHONY L. JORDAN HEALTH CENTER, ANTHONY L. JORDAN HEALTH CARE CORPORATION, JENNIFER ROSE, N.P., and THE UNITED STATES OF AMERICA,

and/or their agents, servants, and/or employees, without any negligence on the Plaintiff or the Plaintiff's Decedent contributing thereto.

36. As a result thereof, Plaintiff ZERRIN MUTTALIB has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, on the FIRST, SECOND, and THIRD causes of action in an amount of $20,000,000.00 together with the costs and disbursements of this action.

Dated: Mineola, New York  
June 25, 2018

Yours, etc.,

*/s/ Joseph M. Lichtenstein*  
LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.  
By: Joseph M. Lichtenstein, Esq.  
131 Mineola Boulevard, Suite 102  
Mineola, New York 11501  
Tel: (516) 873-6300  
Fax: (516) 873-7986

*Attorneys for Plaintiff*  
*Zerrin Muttalib, as Administrator of*  
*the Estate of Kalam Muttalib*

## ATTORNEY'S CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Mineola, New York
       June 25, 2018

*/s/ Joseph M. Lichtenstein*
**JOSEPH M. LICHTENSTEIN**

## ATTORNEY'S VERIFICATION

JOSEPH M. LICHTENSTEIN, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalties of perjury: I am attorney of record for ZERRIN MUTTALIB, as Administrator of the Estate of KALAM MUTTALIB, in the within action; I have read the foregoing **COMPLAINT**, and know the contents thereof; the same is true to my own knowledge except as to those matters said to be upon information and belief, and, as to those matters, I believe them to be true.

This verification is submitted by the undersigned because the Plaintiff is not in the county where I maintain my office.

Dated: Mineola, New York
       June 25, 2018

*/s/ Joseph M. Lichtenstein*
**JOSEPH M. LICHTENSTEIN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ZERRIN MUTTALIB, as Administrator of the Estate of
KALAM MUTTALIB,                                                    Case No. 6:18-cv-6470

                                  Plaintiff,           **CERTIFICATE OF MERIT**

    -against-

THE UNITED STATES OF AMERICA,

                                  Defendant.
---------------------------------------------------------------------------X

      JOSEPH M. LICHTENSTEIN, the attorney for the Plaintiff in the above action, declares that a physician licensed to practice medicine in the State of New York, who is knowledgeable of the relevant issues, was consulted.

      On the basis of this consultation, the attorney has concluded that there is a reasonable basis for commencement of this action.

Dated:  Mineola, New York
          June 25, 2018


                                                  */s/ Joseph M. Lichtenstein*
                                                  **JOSEPH M. LICHTENSTEIN**